Tim TUCKER *v.* Shawn TUCKER (now Monieca S. Cobbler)

CA 00-1394                                              49 S.W.3d 145

Court of Appeals of Arkansas
Division III
Opinion delivered June 27, 2001

*Jeff H. Watson*, for appellant.

*G. Keith Griffith*, for appellee.

SAM BIRD, Judge. Appellant Tim Tucker brings this appeal contending that the chancery court erred in increasing the amount of his weekly child-support obligation because appellee Shawn Tucker (now Monieca S. Cobler) and appellee Office of Child Support Enforcement have not shown the requisite change in circumstances to warrant such an increase. We affirm.

Tucker and Cobler were divorced on June 21, 1999, pursuant to a divorce decree entered in the Washington County Chancery Court. Cobler was awarded custody of the couple's three children, and Tucker was ordered to pay $40 per week in child support. On July 24, 2000, the OCSE intervened in the case and filed a motion to increase Tucker's child-support payments pursuant to Ark. Code Ann. § 9-14-107 (Repl. 1998), contending that Tucker's income had changed by more than twenty percent or had increased by more than $100 per month. OCSE stated that this change constituted a material change in circumstances sufficient to adjust Tucker's support obligation. Tucker denied the allegation that his income had increased by either twenty percent or $100 per month.

At a hearing on the petition to modify, counsel for OCSE argued that Tucker's child-support payments should be raised to $141.00 a week based upon a net income of $448.90 a week. It conceded that the affidavit of financial means filed with the court and stipulated to by the parties showed an income of $434.90 per week, which, according to the family-support chart called for $138.00 per week in child-support payments.

Tucker opposed the petition to modify child support on the basis that there had not been a material change in circumstances. He denied the allegation that his income had increased by twenty percent or by $100 per month. He argued that his gross income had actually decreased from $17,381 for the first six months of 1999 to $16,809 for the last six months of 2000. He explained that the decrease was based upon fluctuations in overtime pay. He stipulated that his net take-home pay was $434.90.

Tucker contended that the child-support award of $40 per week was not based upon the child-support chart, but was based upon an agreement that Tucker would be entitled to reasonable visitation, rather than specific visitation. He argued, "It was the understanding of all the parties at that time, that [I] would not exercise that visitation, and in fact [I have] not been allowed to exercise that visitation. That was the underlying background to the agreement between the parties." Tucker also called the court's

attention to the fact that the three children for whom he was paying child support were not his biological children; rather, they were his adopted children.

After the hearing, the chancery judge ordered an increase in support payments from the original $40 per week to $138 per week. From that order Tucker appeals, again contending that a change of circumstances, substantial enough to warrant an adjustment, has not occurred.

■ In reviewing chancery cases, we consider the evidence de novo, but will not reverse a chancellor's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999).

Arkansas Code Annotated section 9-14-107 (a), (b), and (c) (Repl. 1998) sets forth three of the bases upon which a party can petition the court for review and adjustment of the amount of the child-support obligation. Only subsections (a) and (c) are pertinent to our inquiry in this case. These two subsections provide as follows:

> (a) A change in gross income of the payor in an amount equal to or more than twenty percent (20%) or more than one hundred dollars ($100) per month shall constitute a material change of circumstances sufficient to petition the court for review and adjustment of the child support obligated amount according to the family support chart after appropriate deductions.

> . . .

> (c) An inconsistency between the existent child support award and the amount of child support that results from application of the family support chart shall constitute a material change of circumstances sufficient to petition the court for review and adjustment of the child support obligated amount according to the family support charge, after appropriate deductions, unless:
> (1) The inconsistency does not meet a reasonable quantitative standard established by the state, in accordance with subdivision (a)(1) of this section; or
> (2) The inconsistency is due to the fact that the amount of the current child support award resulted from a rebuttal of the guideline amount and there has not been a change of circumstances that resulted in the rebuttal of the guideline amount.

Tucker contended below and argues on appeal that only subsection (a) is applicable to this case, and he argues that since OCSE has not shown that his gross income has increased by more than twenty percent or more than $100 per month, it has not met its burden of proving a material change of circumstances, and that its petition should have been dismissed.

On the other hand, OCSE argues that subsection (c) is applicable and that it has proved a material change of circumstances because there is an inconsistency between the existent child-support award ($40) and the amount of child support that results from application of the family support chart ($138), and that the inconsistency meets the quantitative standard established by the state, as contained in subdivision (a) of section 9-14-107. OCSE also argues that neither of the exceptions contained in subdivisions (c)(1) and (c)(2) is applicable. In response to OCSE's argument, Tucker filed a reply brief contending that subsection (c) is inapplicable because subsection (a)(1) clearly states that the necessary change in circumstances is based on the payor's gross income, not the amount of child-support payments the payor is making.

■ We disagree with Tucker. We hold that subsection (c) of section 9-14-107 applies to this particular case and that it permits the filing of a petition for modification of support based upon the amount of child-support payments that Tucker was making. Further, we hold that the exceptions to subsection (c) are inapplicable to this case.

■ While it is true, as Tucker argues, that subsection (a) of section 9-14-107 refers to changes in the *gross income* of the payor as the basis for a modification, subsection (c), which is a separate basis for seeking a modification of the amount of child support, speaks in terms of an inconsistency between the existent *child-support award* and the *amount of child support* that results from application of the family-support chart. Tucker has not shown that the exception set forth in subdivision (c)(1) is applicable because, clearly, the inconsistency between the divorce decree's $40 per week award and the sum of $138 that would result from application of the child-support chart meets the reasonable quantitative standard of $100 per month or twenty percent, as set forth in subsection (a) of section 9-14-107.

■ In addition, Tucker has not shown that the exception in subdivision (c)(2) is applicable because there was no evidence that the inconsistency between the child-support payment originally ordered and the amount of child support called for by the family-

support chart resulted from a rebuttal of the guideline amount. Tucker's argument that $40 per week child support was based upon an agreement that he was not going to seek visitation is not supported by the record. The decree states that Cobler would have custody, subject to reasonable privileges of visitation, rather than specific visitation privileges, in favor of Tucker. Furthermore, the record reflects that Tucker filed a contempt petition stating that Cobler had not complied with his visitation requests, and asking the court to modify the decree to set forth specific visitation.

■ Because we find subsection (c) of section 9-14-107 applicable to the case at bar and because Tucker has not proven the applicability of one of the exceptions set forth in subsection (c) (1) or (2), we cannot say that the judge's finding that a material change of circumstances had occurred is clearly erroneous or clearly against the preponderance of the evidence, and we affirm.

Affirmed.

BAKER, J., agrees.

ROAF, J., concurs.

ANDREE LAYTON ROAF, Judge, concurring. I concur with both the result reached and the analysis of the majority opinion. However, the consequences of Ark. Code Ann. § 9-14-107(c)(Repl. 1998), a 1995 amendment to this statute, is that parties cannot with any security enter into agreements regarding child support that vary by even a small amount from the family support chart. Presumably, either the party who has agreed to accept less or one who has agreed to pay more may turn around and invoke this statute the very next day, unless the amount awarded *resulted* from a *rebuttal* of the chart amount. There are a number of reasons why parties would enter into such agreements, not the least of which would be to facilitate an uncontested divorce. Counsel for such parties should consider setting out in the support order reasons for the variance that would constitute a "rebuttal" of the chart, and obtaining the approval of the trial court before entering into such agreements in the future.