## Tom ALFANO *v.* Kellie Dawn ALFANO

CA 01-1016 72 S.W.3d 104

Court of Appeals of Arkansas
Division I
Opinion delivered March 20, 2002

*Williams & Anderson*, by: *Clifford P. Block*, for appellant.

*James Law Firm*, by: *Patricia A. James* and *Clay T. Buchanan*, for appellee.

L ARRY D. VAUGHT, Judge. Appellant, Tom Alfano, brings this appeal contending that the chancery court erred by setting child support at an amount that deviated from the presumptive amount set out in the child support guidelines without following the proper procedure. We agree and reverse.

The facts of this case are not in dispute. The parties were divorced on April 7, 1998. Custody of their minor child, Emily

Alfano, was awarded to appellee, Kellie Dawn Alfano. Pursuant to the property settlement agreement, which was incorporated into the divorce decree, the parties agreed to the amount of child support to be paid by appellant. The child-support provision of the property-settlement agreement provided in pertinent part:

> Husband will pay on the 1st day of each month beginning April 1, 1998 the sum of $750.00 per month as child support for the support, maintenance, and nurture of Emily until such time as he completes his residency program or June 1, 1999, whichever occurs first. Thereafter, Husband will pay to Wife on the 1st day of each month the sum equivalent to 17.5% of his income (after proper deductions consistent with the Supreme Court's latest Per Curiam Order) for the support, maintenance, and nurture of Emily.

A review hearing of the child-support award was held on July 11, 2000, and appellant informed the court that he was relocating to Alaska and did not anticipate having any substantial income for six months while his patient charges were collected. In a September 15, 2000, order, the court found that there was sufficient evidence to impute income to appellant an amount sufficient to justify child support of $865, which was the amount appellant was already paying. The court ordered that the child-support issue was subject to adjustment at a review hearing to be held on February 1, 2001.

At the February 2, 2001, review hearing, the parties stipulated that appellant earned an average monthly income of $12,347.66. Appellant argued that the child-support amount should not be based on the 17.5 percent of his income agreed to in the property-settlement agreement, but should be reduced to 15 percent based on the presumptive amount set by the family-support chart, unless appellee justified an upward deviation. The chancellor ordered that appellant continue paying at the rate of 17.5 percent because the amount of support set by the child-support chart is a rebuttable presumption and the parties agreed to 17.5 percent. Based on the 17.5 percent rate, appellant was ordered to pay $2,160.84 in child support based on his average monthly income. From that decision comes this appeal.

█ The standard of review for an appeal from a child-support order has been recently set-out in *McWhorter v. McWhorter*, 346 Ark. 475, 480, 58 S.W.3d 840, 843 (2001):

> We review chancery cases de novo on the record, and we will not reverse a finding of fact by the chancery court unless it is clearly erroneous. Ark. R. Civ. P. 52(a); *Myrick v. Myrick*, 339 Ark. 1, 2 S.W.3d 60 (1999). In reviewing a chancery court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Hunt v. Hunt*, 341 Ark. 173, [15 S.W.3d 334]. As a rule, when the amount of child support is at issue, we will not reverse the chancellor absent an abuse of discretion. *Scroggins v. Scroggins*, 302 Ark. 362, 790 S.W.2d 157 (1990). However, a chancellor's conclusion of law is given no deference on appeal. *City of Lowell v. M & N Mobile Home Park Inc.*, 323 Ark. 332, 916 S.W.2d 95 (1996).

█ The child-support issue in this case began with an agreement by the parties incorporated into the divorce decree. While the general rule is that the court cannot modify the parties' contract that is incorporated into the decree, our courts have recognized an exception to this rule in child-custody and support matters and have held that provisions in such independent contracts are not binding. *Warren v. Kordsmeier*, 56 Ark. App. 52, 938 S.W.2d 237 (1997). The chancellor always retains jurisdiction over child support as a matter of public policy, and no matter what an independent contract states, either party has the right to request modification of a child support award. *Id.*

Appellant raises six issues on appeal in which he argues that the case should be reversed because the chancellor failed to follow the proper procedure in awarding child support by failing to refer to the most recent version of the family-support chart, to recognize the presumptive amount to be awarded pursuant to the chart, to make a written finding that the application of the chart is inappropriate or unjust, and to include a justification for the deviation.

█ The most recent version of the child-support chart, applicable to this case, is found at *In Re: Administrative Order No. 10: Arkansas Child Support Guidelines*, 331 Ark. Appx. 581 (1998).

Section I addresses the rebuttable presumption created by the chart:

> It is a rebuttable presumption that the amount of child support calculated pursuant to the most recent revision of the Family Support Chart is the amount of child support to be awarded in any judicial proceeding for divorce, separation, paternity, or child support. The court may grant less or more support if the evidence shows that the needs of the dependents require a different level of support.
>
> It shall be sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to the Family Support Chart is correct, if the court enters in the case a specific written finding within the Order that the amount so calculated, after consideration of all relevant factors, including the best interests of the child, is unjust or inappropriate. Findings that rebut the guidelines shall state the payor's income, recite the amount of support required under the guidelines, recite whether or not the Court deviated from the Family Support Chart and include a justification of why the order varies from the guidelines as may be permitted under SECTION V. hereinafter.

*Id.* at 582. Section V sets forth the relevant factors to be considered in determining the amount of support. Arkansas Code Annotated section 9-12-312(a)(2) (Repl. 2002) also sets forth guidelines to be followed in setting the amount of child support:

> In determining a reasonable amount of support, initially or upon review to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the family support chart, shall the presumption be rebutted.

Arkansas Code Annotated section 9-14-106 (Repl. 2002) contains language virtually identical to § 9-12-312(a)(2).

At the conclusion of the review hearing, the chancellor stated that the statute required the court to refer to the chart and

follow the chart unless it found that it would be inappropriate to do so. The court found that it would be inappropriate to follow the chart under the circumstances and ordered appellant to pay at the rate of 17.5 percent. The written order provided:

> The [appellant] argued that the 17.5% should be reduced to 15% based upon a presumption that the chart level of support should be applied unless [appellee] can show reasons for an upward adjustment in child support. That the Court finds the support set by the child support chart in the per curiam orders of the Arkansas Supreme Court are rebuttable presumptions and that since the parties' [sic] agreed to the 17.5% and it was not ordered by the Court, then the [appellant] shall be required to continue paying at the rate of 17.5%.

██ ██ In setting child support in accordance with the parties' agreement, the chancellor failed to follow the correct procedures in deviating from the chart amount. The chancellor failed to make a specific written finding after considering all relevant factors, that the chart amount was inappropriate or unjust. Administrative Order No. 10 requires the chancellor to consider the deviation factors set out in Section V of Administrative Order No. 10 and include in his findings a justification of why the order varies from the guidelines. Instead, the chancellor relied solely on the agreement of the parties as to why the chart amount would be inappropriate. The provisions of the property settlement agreement with regard to child support do not compel a court to ignore the relevant factors to be used in arriving at a fair determination of support. While a chancellor may choose to base an award on the agreed amount, that decision must be made after following the proper procedure. Therefore, we must reverse because the chancellor did not strictly adhere to the requirements of the statute and Administrative Order No. 10. *See Black v. Black*, 306 Ark. 209, 812 S.W.2d 480 (1991)(reversing the chancellor's increase in child support where the appellate court was unable to determine whether the chancellor followed the correct procedure because there was no family support chart amount set out in the order and the order did not indicate whether the relevant deviation factors were considered). *See also Cochran v. Cochran*, 309 Ark. 604, 832 S.W.2d 252 (1992)(holding that reference to chart amount being

"unreasonable" was an insufficient explanation for rejecting chart amount since it is presumed to be reasonable).

 Appellee contends that the chancellor was not required to make findings or reference the chart because appellant failed to prove a change of circumstances warranting a modification of child support. A party seeking modification of the child-support obligation has the burden of showing a change in circumstances sufficient to warrant the modification. *Weir v. Phillips*, 75 Ark. App. 208, 55 S.W.3d 804 (2001). There is a presumption that the chancellor correctly fixed the proper amount in the original divorce decree. *Ross v. Ross*, 29 Ark. App. 64, 776 S.W.2d 834 (1989). In *Ross*, we stated that when support has been previously set in a decree, a change of circumstances must be found before the § 9-12-312 is applicable. Arkansas Code Annotated section § 9-14-107(c) (Repl. 2002) provides:

> (c) An inconsistency between the existent child support award and the amount of child support that results from application of the family support chart shall constitute a material change of circumstances sufficient to petition the court for review and adjustment of the child support obligated amount according to the family support chart, after appropriate deductions, unless:
>
> (1) The inconsistency does not meet a reasonable quantitative standard established by the state, in accordance with subsection (a) of this section; or
>
> (2) The inconsistency is due to the fact that the amount of the current child support award resulted from a rebuttal of the guideline amount and there has not been a change of circumstances that resulted in the rebuttal of the guideline amount.

In *Tucker v. Tucker*, 74 Ark. App. 316, 49 S.W.3d 145 (2001), this court applied § 9-14-107(c) in upholding a modification of child support. Because the court found section (c) applicable and none of the exceptions applied, we could not say that the judge's finding of a material change of circumstances was clearly erroneous. In the instant case, because there was an inconsistency between the existent child-support award (17.5 percent of appellant's income) and the amount that resulted from the application of the chart (15 percent) and none of the exceptions applied, a material change of circumstances existed sufficient for appellant to petition

the court for review and adjustment of the child support, contrary to appellee's argument.

As a result of Ark. Code Ann. § 9-14-107(c), parties cannot with any security enter into agreements regarding child support that vary by even a small amount from the family-support chart. Although there are numerous reasons why parties would enter into such agreements, counsel for such parties should consider setting out in the support order reasons for the variance that would constitute a "rebuttal" of the chart and obtaining the approval of the trial court before entering into such agreements in the future.

We reverse and remand for the trial court to enter an order consistent with this opinion.

Reversed and remanded.

BIRD and ROAF, JJ., agree.