Patricia Gail (Rascoe) ROARK *v.*
OFFICE of CHILD SUPPORT ENFORCEMENT
and Anthony Dwayne Rascoe

CA 07-515                                           278 S.W.3d 114

Court of Appeals of Arkansas
Opinion delivered February 27, 2008

*Chaney Taylor, Jr.,* for appellant.

*G. Keith Griffith,* Office of Child Support Enforcement, for appellee.

SARAH HEFFLEY, Judge. Appellant, Patricia (Rascoe) Roark, appeals the January 19, 2007, order of the Faulkner County Circuit Court, in which the court refused to enforce an agreement between the parties, which had previously been approved by the court, and established appellant's child support obligation at $74 per week. The order also found appellant in arrears and granted appellee, the Office of Child Support Enforcement (OCSE), a judgment against appellant in the amount of $6,989.20. On appeal, appellant contends that the agreement entered into by the parties and approved by the court should be upheld and enforced, or, in the alternative, that her child support obligation should be set at $34.50 per week. We disagree with appellant's contentions and affirm.

Appellant and Anthony Rascoe were divorced by decree filed December 14, 1992, and appellant was given custody of the parties' son, J.R., born 1/26/1987, and daughter, B.R., born 1/21/1990. Mr. Rascoe was ordered to pay child support in the amount of $40 per week. In February 1998, this obligation was increased to $90 per week. In June 1998, the parties' son, J.R., was removed from his mother's care by the Department of Human Services and placed with his father.[1] An agreed temporary order,

---

[1] The exact circumstances surrounding this removal are not clear, although the transcript of a hearing held January 21, 2000, indicates the situation involved anger management issues and J.R.'s acting out toward both his sister and his mother.

entered May 21, 1999, established that J.R. would remain with his father while B.R. would remain with her mother. The order also abated Mr. Rascoe's child support obligation and stated that the issue of child support would be addressed at a later hearing, including the abatement of Mr. Rascoe's child support obligation from the time J.R. was placed in his custody up until the entry of the May 21 order. After the hearing held January 21, 2000, the court ordered that "[n]either party shall pay child support" but did not specifically address the abatement of support from June 1998 until May 21, 1999. The order memorializing this decision was filed February 9, 2000.

On November 10, 2003, Mr. Rascoe filed a petition to change custody of B.R. from appellant to himself, which was granted on March 16, 2004. Appellant was ordered to pay child support in the amount of $69 per week. On January 26, 2005, J.R. reached the age of 18, and under Ark. Code Ann. § 9-14-237(a)(1)(A)(i) (Supp. 2005), an obligor's duty to pay child support automatically terminates by operation of law when the child reaches 18 unless the child is still in high school. J.R. completed high school in December 2004; thus, appellant's child support obligation was terminated when J.R. turned 18.

On February 4, 2005, OCSE filed a motion to intervene and a motion for citation for appellant's failure to pay child support, alleging that she was in arrears in the amount of $3105. OCSE's motion to intervene was granted, and another motion for citation was filed on May 16, 2005, alleging that appellant was $4278 in arrears. Appellant filed an answer to the motions in which she denied all allegations, asked for a reduction in her current child support obligation, and counterclaimed for an offset of any arrearages against arrearages owed by Mr. Rascoe.

According to the briefs, appellant and the attorney for OCSE appeared before the court on July 29, 2005, and announced that the matter had been resolved by agreement. No transcript of this hearing appears in the record, although there is a proposed order resulting from that hearing in OSCE's supplemental addendum. This proposed agreement stated that appellant owed an arrearage of $3720, and Mr. Rascoe owed an arrearage of $6170, giving appellant a credit of $2450 against future support obligations. The proposed agreement also stated that appellant's child support obligation would be reduced to $34.50 per week. The parties were apparently unable to agree on a final order, however, and the matter was again set for a hearing on January 20, 2006.

At that hearing, the attorney for OCSE announced that it was willing to "basically call it even . . . based on payments that have been made in the past, the amount of payments will resolve themselves to settle out any future support payments owed by [appellant]." OCSE suggested that it prepare an order dismissing the citations against appellant, zeroing out any balance owed by either party, and cancelling the wage-withholding order currently in effect. The court agreed; however, no written order was ever entered memorializing the agreement.

On May 4, 2006, OCSE filed a motion asking the court to find the agreed resolution to be of no effect and to find appellant in arrears in her child support obligation. OCSE contended that the agreement ignored the court's May 21, 1999 order that abated Mr. Rascoe's support obligation and the February 9, 2000 order that stated Mr. Rascoe owed no child support arrearage. OCSE argued that the effect of the agreement was to bargain away B.R.'s right to future support to her detriment, and the court had held no hearing to determine whether this agreement was in the best interest of B.R. To support its argument, OCSE cited *Davis v. Office of Child Support Enforcement*, 322 Ark. 352, 908 S.W.2d 649 (1995), in which our supreme court stated:

> It has long been the law in Arkansas that the interests of a minor cannot be compromised by a guardian without approval by the court. It is not sufficient that a court be made aware of a compromise agreement and that it is agreeable to the guardian; rather, the court must make a judicial act of investigation into the merits of the compromise and into its benefits to the minor. Any judgment by a court that compromises a minor's interest without the requisite investigation is void on its face.

> The foregoing rules of public policy protecting minors have been applied to a child's right to support from his parents. Moreover, this court has stated that the duty of support is a continuing one and one that cannot be permanently bargained away by a parent to the child's detriment. Consequently, the parents' inability to permanently bargain away the child's right to support preserves the court's power to modify an order to meet subsequent conditions.

*Id.* at 355-56, 908 S.W.2d at 651-52 (citations omitted).

A hearing on the motion was held on October 31, 2006. After hearing counsels' arguments, as well as testimony from appellant, Mr. Rascoe, and Judy Kree, a regional manager for

OCSE who had calculated appellant's alleged arrearages, the court took the matter under advisement. In a letter opinion dated December 19, 2006, the court found that the earlier agreement of the parties could not be upheld under the authority of *Davis, supra,* noting that "the evidence does not support a determination that the agreement recited by [OCSE's attorney] is in the best interest of the child" because it would have resulted in the relinquishment of several thousands dollars of child support owed by appellant. The court asked OCSE to prepare an order setting the agreement aside and making a finding of arrearage in conformity with OCSE's calculations. An order to that effect was filed on January 19, 2007. Appellant now appeals to this court.

Our standard of review for an appeal from a child support order is de novo on the record, and we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Hill v. Kelly,* 368 Ark. 200, 243 S.W.3d 886 (2006). A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Matthews v. Matthews,* 368 Ark. 252, 244 S.W.3d 660 (2006). We give due deference to the trial court's superior position to determine the credibility of the witnesses and the weight to be given their testimony. *Id.* In a child support determination, the amount of child support lies within the sound discretion of the trial court, and the lower court's findings will not be reversed absent an abuse of discretion. *Hill, supra.* However, a trial court's conclusions of law are given no deference on appeal. *Id.*

For her argument on appeal, appellant asserts that litigants should be able to rely on agreements, particularly those that are approved by the court, and that OCSE should be required to honor the agreement it had previously reached with appellant. Appellant contends that it would be "impossibly time-consuming for the Court to conduct a 'best-interests hearing' on each and every child support case that comes before it"; that the court depends on the parties, and particularly the OCSE and all its available resources, to properly reach an agreement; and that once an agreement has been reached and announced to the court, the matter should be settled.

We disagree with appellant's assertion that the trial court was bound by the parties' earlier agreement. Our case law has made clear that independent agreements concerning child support are not binding on the trial court, and the court always retains jurisdiction over child support as a matter of public policy. *Alfano*

*v. Alfano*, 77 Ark. App. 62, 72 S.W.3d 104 (2002). In addition, no matter what an independent agreement states, either party has the right to request modification of a child support award. *Id.* And, pursuant to *Davis, supra*, the trial court was required to investigate the merits of the compromise and to determine its benefits to the minor, and without doing so, any order entered by the court would have been void on its face.

■ Accordingly, we find no error in the trial court's refusal to follow the parties' agreement. And while appellant also offers an alternative argument, that her child support obligation should be set at $34.50 per week, she bases this number on the agreement allegedly reached by the parties in July 2005, and does not develop any argument showing how the calculations used by OCSE were in error. We have already clarified that the trial court was not bound by any prior agreement made by the parties, and we have repeatedly held that we will not address an argument on appeal when the appellant has not sufficiently developed the argument and it is not apparent without further research that the appellant's point is well taken. *Holt Bonding Co. v. First Federal Bank of Arkansas*, 82 Ark. App. 8, 110 S.W.3d 298 (2003). Therefore, we also affirm the trial court's order establishing appellant's current child support obligation and amount of arrearage.

Affirmed.

GLADWIN and ROBBINS, JJ., agree.