KENNETH S. HIXSON, Judge
Appellant Brian Morgan (Brian) appeals from an August 31, 2017 order modifying child support filed by the Benton County Circuit Court in favor of appellee *13 Kacie Lynn Morgan (Kacie).[1] On appeal, Brian contends that (1) the circuit court erred when it modified child support based on grounds not pleaded in the petition for modification of child support, (2) the circuit court erred in finding that there was a change in circumstances warranting a modification in child support, and (3) the circuit court erred in its calculation of child support. We affirm.
I. Facts
The parties were married on September 24, 2004, and have two children. A decree of divorce was filed on October 6, 2014. The decree reflects that the parties agreed and approved the terms of the divorce. Kacie was awarded primary custody of the children with visitation granted to Brian. Brian was ordered to pay child support in the amount of $200 biweekly and to maintain health-insurance benefits for the children. Any medical expenses not covered by health insurance were to be shared equally between the parties. Brian further agreed to pay one-half of the childcare expenses until childcare is no longer necessary, pay 25 percent of his year-end bonus for the year 2014, and pay 15 percent of his year-end bonus after 2014 into a savings account. Pursuant to the order, each party was permitted to claim one child as a dependent for tax purposes.
Kacie subsequently filed a petition for modification of child support on February 28, 2017. In her petition, she alleged that she was entitled to a modification commensurate with the Arkansas Family Support Chart because Brian's income had increased by 20 percent or by $100 or more per month. Brian filed an answer generally denying the allegations, and a hearing was held on July 31, 2017.
There was no testimony presented at the hearing. Instead, the parties stipulated to and admitted two exhibits for the circuit court's consideration in ruling on Kacie's petition. The exhibits consisted of information regarding Brian's income, including his 2014 and 2016 tax returns. Kacie's counsel additionally argued at the hearing that the divorce decree did not comply with Administrative Order No. 10(I) (2017) in that the child-support order failed to recite the payor's income, the amount of support that was required under the guidelines, and whether the court deviated from the family-support chart. Kacie's counsel further argued that for the purposes of calculating his child-support obligation, the circuit court should include as income the federal and state tax refunds Brian received.
Brian's counsel objected to any of the arguments that would justify a modification that were not included in the petition for modification of child support. Although Brian's counsel conceded that the language required under Administrative Order No. 10 was not contained in the decree of divorce, he argued that there was nothing to indicate that the decree was not otherwise enforceable. His counsel further argued that it was Brian's position that the only change of circumstance that had been alleged and was before the circuit court was whether there had been an increase in income. Brian maintained that his income had actually decreased since 2014.
The circuit court announced from the bench that
in order to avoid coming back here again, I'm going to allow the pleadings to conform to what in essence is the proof that is submitted here, and-and I am going to take this matter under advisement and will offer a written opinion *14 just as soon as I reasonably can. I anticipate that will be within a couple of weeks. Is there anything else that needs to be addressed at this time?
Brian's counsel immediately responded that he requested the opportunity to file a posthearing memorandum within five days. The circuit court granted his request and additionally permitted Kacie to file a reply to any memorandum.
In his memorandum, Brian argued that the parties agreed to a deviation from the child-support guidelines in the decree of divorce; however, he also agreed that the decree itself did not set forth any reasons for the deviation. Although Brian acknowledged that a court may allow an amendment to conform to the evidence, Brian argued that Kacie was barred from arguing that the failure of the decree of divorce to include the language required under our rules constituted the requisite change in circumstances for a modification of child support. He explained that Kacie was barred from that argument because she had failed to obtain relief under the time limitations prescribed under Arkansas Rule of Civil Procedure 60. Regarding the allegation that his income had increased warranting a modification, Brian explained that his income had actually decreased in 2016, after disregarding any tax refunds that he received. Therefore, he argued that the petition should be denied because Kacie had failed to sustain her burden of showing a material change of circumstances justifying a modification. Finally, Brian alternatively argued that his tax refunds should not be included as income when calculating child support because he was permitted to claim one child as a dependent by agreement in the decree of divorce. He admitted that there was "a direct correlation in the increase in refund attributed to the benefit of claiming a child as a dependent for tax purposes." However, he argued that its inclusion "is tantamount to counting it twice ... [and f]or the Court to then take away the benefit of claiming himself and a child for tax purposes by adding back the refund into the next year's income for child support computation runs counter to logic."
Kacie filed a reply to Brian's memorandum. In it, she argued that "[a]s the amount of child support that is owed by the plaintiff pursuant to the Arkansas Family Support Chart is more than that ordered by the parties' decree of Divorce, that in itself creates a material change of circumstances pursuant to Arkansas Code Annotated section 9-14-107." Kacie further argued that the tax refunds should be included as income in calculating Brian's child support because our supreme court has consistently ruled that the definition of income is intentionally broad and designed to encompass the widest range of sources consistent with this state's policy to interpret income broadly for the benefit of the child. To that end, she explained that Brian was awarded the ability to claim one child as a tax dependent even though he was not the primary custodial parent. She claimed that this created a windfall to Brian that he received each year, and his refunds should therefore be included as income.
In its order filed on August 31, 2017, the circuit court specifically made the following pertinent findings:
2. The Decree of Divorce filed in this matter on October 6, 2014, failed to comply with Administrative Order 10 in that it failed to recite [Brian's] income, the amount of support required under the Child Support Guidelines and whether there was a deviation from the Family Support Chart and the reasons therefor.
3. The parties have two (2) minor children and [Kacie] was not represented *15 by counsel during the divorce phase of this case.
4. The tax refund received by [Brian] shall be included as income for purposes of calculating his child support obligation. The law is settled that the definition of income is broad and designed to encompass the widest range of sources consistent with this State's policy to interpret income broadly for the benefit of the child. Evans v. Tillery , 361 Ark. 63, 204 S.W.3d 547 (2005) ; OSCE v.Hearst , 2009 Ark. 599, 357 S.W.3d 450 (2000).
5. [Brian's] obligation to pay child care as ordered in the Decree of Divorce is now moot as the both minor children are in school and there are no childcare costs required. This change of circumstances since the entry of the Decree also creates a basis for the Court to revisit the issue of child support.
6. The Court finds that there has been a change of circumstances as no deviation from the child support guidelines is stated nor explained in the Decree. However, the amount of support ordered paid by [Brian] substantially deviates from the guideline. Without an explanation for the deviation, the Court concludes that the child support shall be brought in compliance with the Arkansas Family Support guidelines for the benefit of the parties' two (2) minor children.
7. Based upon the stipulated exhibits of the parties, in accordance with the Arkansas Family Support Chart, [Brian's] child support obligation shall be based upon a net income of $1446.14 bi-weekly based upon the 2016 tax year. The amount of child support to be paid by [Brian] to [Kacie] is modified and increased to $352.00 bi-weekly to commence with the date [Kacie] filed her Petition for Modification, February 28, 2017, resulting in an arrearage of $1976.00 through August 25, 2017.
8. Said arrearage shall bear interest at the rate of ten percent (10%) per annum. Further, [Brian] shall pay an additional sum of twenty percent (20%) of his bi-weekly child support obligation, or $70.00 bi-weekly, until the arrears are fully satisfied.
9. [Kacie] shall be awarded attorney fees and costs in the amount of $1905.00 and costs of $105.00, which shall be paid by October 31, 2017.
This appeal followed.
II. Our General Standard of Review
Our standard of review for an appeal from a child-support order is de novo on the record, and we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. See Hall v. Hall , 2013 Ark. 330, 429 S.W.3d 219. In reviewing a circuit court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. Id. As a rule, when the amount of child support is at issue, we will not reverse the circuit court absent an abuse of discretion. Id. However, a circuit court's conclusion of law is given no deference on appeal. Id.
In determining a reasonable amount of child support, the court shall refer to the most recent revision of the family-support chart. Ark. Code Ann. § 9-12-312(a)(3)(A) (Repl. 2015). It shall be a rebuttable presumption for the award of child support that the amount contained in the family-support chart is the correct amount of child support to be awarded. Ark. Code Ann. § 9-12-312(a)(3)(B). Only upon a written finding or a specific finding on the *16 record that the application of the family-support chart would be unjust or inappropriate, as determined under established criteria set forth in the family-support chart, shall the presumption be rebutted. Ark. Code Ann. § 9-12-312(a)(3)(C). All orders granting or modifying child support shall contain the court's determination of the payor's income, recite the amount of support required under the guidelines, and recite whether the court deviated from the family-support chart. Ark. Sup. Ct. Admin. Order No. 10(I).
III. Amending the Petition for Modification of Child Support
Although pleadings are required so that each party will know the issues to be tried and be prepared to offer proof, Arkansas Rule of Civil Procedure 15(b) allows for the amendment of the pleadings to conform to the evidence introduced at trial:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time.... If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended in its discretion. The court may grant a continuance to enable the objecting party to meet such evidence.
Ark. R. Civ. P. 15(b) (2017). Thus, absent express or implied consent, the question of whether pleadings may be amended to conform to the evidence is within the sound discretion of the circuit court. Pineview Farms, Inc. v. A.O. Smith Harvestore, Inc. , 298 Ark. 78, 765 S.W.2d 924 (1989). A party should be allowed to amend absent prejudice; an important consideration in determining prejudice is whether the party opposing the motion will have fair opportunity to defend after the amendment. Id.
At the beginning of the hearing on the petition for modification of child support, Kacie's counsel alleged additional grounds to show that there had been a change of circumstances warranting a modification. Brian's counsel objected, and the circuit court permitted the petition to be amended. On appeal, Brian repeats his objection to the amended allegations and claims that he suffered prejudice because it was a "trial by ambush."
A circuit court's decision regarding the amendment of pleadings to conform to the evidence will not be reversed absent a manifest abuse of discretion, and the party seeking reversal on that ground must show the manifest abuse. Honeycutt v. Honeycutt , 2017 Ark. App. 113, 516 S.W.3d 750. We do not think that Brian has met his burden of proving material prejudice or a manifest abuse of the circuit court's discretion. First, as is more fully addressed below, Kacie's additional arguments regarding a change of circumstances were not barred as Brian contended before the circuit court, and again on appeal, and were permissible in her petition for modification of child support. Further, at the hearing, the circuit court granted Brian's request to submit a posthearing memorandum before making any ruling, which Brian subsequently filed. Therefore, under these circumstances, we cannot say that the circuit court abused its discretion in permitting the amendment.
IV. Change in Circumstances
It is axiomatic that a change in circumstances must be shown before a *17 court can modify an order for child support. Hall, supra. In addition, the party seeking modification has the burden of showing a change in circumstances. Id. In determining whether there has been a change in circumstances to warrant an adjustment in support, the court should consider remarriage of the parties, a minor reaching majority, change in the income and financial conditions of the parties, relocation, change in custody, debts of the parties, financial conditions of the parties and families, ability to meet current and future obligations, and the child-support chart. Id. We have made it clear that a finding that a material change in circumstances has occurred is subject to a clearly erroneous standard of review. Id.
Brian argues on appeal that the circuit court erred in finding a change in circumstances to modify child support. The circuit court specifically found that there had been a change in circumstances because the decree of divorce deviated from the child-support guidelines yet did so without any explanation. The circuit court further found that a change in circumstances had occurred because although Brian had been ordered in the decree to pay for childcare expenses, there were not any childcare expenses with both children now in school. Brian argues on appeal that these findings were erroneous because Kacie had waived any error in the decree by approving the order and failing to seek timely relief and because the decree contemplated that the children would outgrow the need for childcare.
Much of Brian's brief on appeal focuses on his argument that Kacie was time-barred from complaining that the decree of divorce that set child support failed to comply with Administrative Order No. 10. He argues that because she failed to appeal from the decree or seek timely relief under Arkansas Rule of Civil Procedure 60, the decree could not be modified under the statute for this reason under the doctrines of waiver or res judicata. Brian is mistaken, and his arguments have already been rejected in Stevenson v. Stevenson , 2011 Ark. App. 552, 2011 WL 4388282, and Alfano v. Alfano , 77 Ark. App. 62, 72 S.W.3d 104 (2002).
The general rule is that a court cannot modify a parties' contract that is incorporated into the decree. Stevenson, supra. However, we have held that a circuit court always retains jurisdiction over child support as a matter of public policy, and no matter what an independent contract states, either party has the right to request modification of a child-support award. Id. That said, a party seeking modification has the burden of showing a change in circumstances sufficient to warrant the modification, and there is a presumption that the circuit court correctly fixed the proper amount in the original divorce decree. Alfano, supra. Arkansas Code Annotated section 9-14-107(c) specifically states that a material change of circumstances is found to exist when there is an inconsistency between the existing support award and the amount of support that results from application of the family-support chart, and no reasons are given to rebut the presumption that the guideline amount was correct. See Stevenson, supra. As a result of Arkansas Code Annotated section 9-14-107(c), parties cannot with any security enter into agreements regarding child support that vary by even a small amount from the family-support chart. Alfano, supra. Although there are numerous reasons why parties would enter into such agreements, counsel for such parties should consider setting out in the support order reasons for the variance that would constitute a "rebuttal" of the chart and obtaining the approval of the circuit court *18 before entering into such agreements in the future. Id.
As in both Stevenson and Alfano , the parties here agreed to the amount of child support set in the decree, and the parties did not dispute that the amount deviated from the chart amount. It is also undisputed that the circuit court failed to follow the correct procedures in deviating from the chart amount in that it failed to make a specific written finding, after considering all relevant factors, that the chart amount was inappropriate or unjust. Because section 9-14-107(c) was applicable, we cannot say that the circuit court's finding of a material change of circumstances was clearly erroneous.
V. Child Support
Because there was a material change of circumstances under the statute, we now turn to appellant's final arguments regarding the child-support award. Section II of Administrative Order No. 10 defines income in pertinent part as follows:
a. Income means any form of payment, periodic or otherwise due to an individual, regardless of source, including wages, salaries, commissions, bonuses, workers' compensation, disability, payments pursuant to a pension or retirement program, and interest less proper deductions for:
1. Federal and state income tax;
2. Withholding for Social Security (FICA), Medicare, and railroad retirement;
3. Medical Insurance paid for dependent children; and
4. Presently paid support for other dependents by court order, regardless of the date of entry of the order or orders.
Cases reflect that the definition of "income" is "intentionally broad and designed to encompass the widest range of sources consistent with this State's policy to interpret 'income' broadly for the benefit of the child." Evans v. Tillery , 361 Ark. 63, 204 S.W.3d 547 (2005) ; Ford v. Ford , 347 Ark. 485, 65 S.W.3d 432 (2002) ; McWhorter v. McWhorter , 346 Ark. 475, 58 S.W.3d 840 (2001) ; and Davis v. Office of Child Support Enforcement , 341 Ark. 349, 20 S.W.3d 273 (2000).
Ark. Sup. Ct. Admin. Order No. 10(II).
Brian argues that the circuit court "improperly ignored (3) Medical insurance paid for dependent children; and (4) Presently paid support for other dependents by court order, regardless of the date of entry of the order or orders." However, Brian cannot now complain about the circuit court's failure to consider the amounts, if any, that he paid for medical insurance for his dependent children or presently paid support for other dependents by court order when he did not produce any evidence to the circuit court that he was entitled to either deduction. See Louton v. Dulaney , 2017 Ark. App. 222, 519 S.W.3d 367. The parties stipulated to the exhibits admitted at the hearing, and those documents did not include any information documenting that Brian had actually paid for medical insurance or support for other dependents, nor did Brian make any argument to the circuit court that he was entitled to such deductions.[2]
*19 Finally, Brian argues that the circuit court erred in considering the tax refunds that he received as income. Kacie argued to the circuit court that Brian was awarded the ability to claim one child as a tax dependent even though he was not the primary custodial parent and that this benefit created a windfall to Brian that he received each year.[3] She therefore argued that the tax refunds that he received on account of this benefit should be included as income given the broad definition of income under Administrative Order No. 10, and the circuit court agreed that the tax refunds should be included as income for purposes of calculating his child support obligation.
In Jones v. Jones , 43 Ark. App. 7, 858 S.W.2d 130 (1993), we affirmed a circuit court's refusal to count tax refunds or any benefit received from claiming children as dependents for income-tax purposes as "income" for purposes of calculating child support. However, we did not do so on the basis that the inclusion of these amounts was improper. Id. Rather, we explained that the appellant had failed to bring up a record sufficient to demonstrate that the circuit court's decision was in error. Id. In particular, we noted that the appellant failed to establish that the tax refunds would be a recurring event and that appellant failed to introduce any evidence to show the monetary value of the tax exemptions sufficient to demonstrate error. Id.
Here, the parties stipulated to the tax returns showing the tax refunds that Brian received. The decree further permitted Brian to claim one child as a dependent by agreement every year. Brian additionally admitted in his posthearing motion that there was "a direct correlation in the increase in refund attributed to the benefit of claiming a child as a dependent for tax purposes." As we already noted above, the definition of income for child support purposes is "intentionally broad and designed to encompass the widest range of sources consistent with this State's policy to interpret 'income' broadly for the benefit of the child." Ford v. Ford , 347 Ark. 485, 495, 65 S.W.3d 432, 439 (2002) ; see also Ark. Sup. Ct. Admin. Order No. 10(II)(a)(4). To that end, our supreme court has previously recognized nonperiodic monetary judgments, monetary gifts, certificates of deposit, retirement payments, and gambling winnings as income for purposes of determining child support. See, e.g. , Evans v. Tillery , 361 Ark. 63, 204 S.W.3d 547 (2005) ; Ford , supra ; McWhorter v. McWhorter , 346 Ark. 475, 58 S.W.3d 840 (2001). Thus, under the broad definition of income and under these specific facts, we cannot say that the circuit court's findings constituted reversible error.
Affirmed.
Abramson and Virden, JJ., agree.

Kacie's last name is now Myers.

In his brief, Brian states that "all child support payments (particularly to include the ordered 1/2 of child care expenses)" should have been deducted from his income. Brian is mistaken. The fourth deduction listed in section II of Administrative Order No. 10 is applicable only to other children who are not born of the marriage at issue. Here, Brian cannot deduct the child support of his two children as he alleges because they are his children with Kacie. See Johnson v. Young , 2017 Ark. App. 132, 515 S.W.3d 159.

Administrative Order No. 10(III)(f) provides that "[a]llocation of dependents for tax purposes belongs to the custodial parent pursuant to the Internal Revenue Code. However, the Court shall have the discretion to grant dependency allocation, or any part of it, to the noncustodial parent if the benefit of the allocation to the noncustodial parent substantially outweighs the benefit to the custodial parent."