Kathy D. STUART *v.* Loren STUART

CA 06-1331                                          260 S.W.3d 740

Court of Appeals of Arkansas
Opinion delivered August 29, 2007

*Shackleford, Phillips, Wineland & Ratcliff, P.A.*, by: *Kennth P. Castleberry*, for appellant.

No response.

SAM BIRD, Judge. This is a one-brief appeal from an order of the Cleburne County Circuit Court modifying the parties' divorce decree. The modification required appellant Kathy Stuart to pay as child support fifteen percent of a settlement she will receive as part of a class-action lawsuit. Appellant raises two points for reversal. We affirm in part and reverse and remand in part.

Appellant and appellee Loren Stuart were divorced on March 3, 2003. The divorce decree incorporated a settlement agreement and provided that appellee would have custody of the parties' two minor children and that appellant, because of her health condition, would not be required to pay child support.[1]

On May 30, 2006, appellee filed a petition seeking to modify the decree to require appellant to pay child support. The petition alleged that appellant had started drawing Social Security benefits; that she had settled a medical-malpractice lawsuit in the summer of 2005 for $21,000; and that she would soon receive approximately $60,000 for settlement of a class-action suit involving one of her medications. The petition sought child support based on appellant's Social Security benefits, as well as fifteen percent of the settlement proceeds from the medical-malpractice and class-action lawsuits.

Appellant testified that she settled a medical-malpractice case, which was pending at the time of the divorce, receiving a net amount of $18,000 after payment of attorney's fees and reimbursements to Medicaid and Medicare. She also testified that she was currently receiving $528 per month from Social Security in SSI benefits and $95 per month in Social Security disability benefits. Appellant stated that her class-action lawsuit had been settled and that she would receive money as part of that settlement but that she did not know how much she would receive or when the settlement would be paid.

Appellee testified that he had received no financial help from appellant for the support of their minor child. He also stated that a letter from the attorneys handling the class-action suit indicated

---

[1] One of the children has since attained majority.

that the case had settled and appellant would receive either $60,000 or $100,000 as her share of the settlement proceeds. Appellee had no knowledge of how much of any settlement would be payable as attorney's fees or attributable to appellant's loss of income or earning capacity.

Appellant argued to the trial court that the funds to be received from the class-action settlement were not "income" because the supreme court's Administrative Order No. 10 defines income in accordance with federal tax law definitions and, under those definitions, compensation for a personal injury is not "income." She also argued that, because the class-action settlement funds had not been received, the trial court would be issuing an advisory opinion if the court found that appellee was entitled to child support based on those funds.

In its comments from the bench, the trial court found that Administrative Order No. 10's definition was broad enough to encompass appellant's class-action settlement. The court stated that it did not like the outcome but felt compelled to reach the result it did. The trial court entered an order on August 25, 2006, denying appellee's motion insofar as it sought fifteen percent of the 2005 settlement. The trial court fixed appellant's child-support obligation at $79.20 per month, based on appellant's Social Security benefits in the amount of $528 per month. Finally, the trial court ordered appellant to pay fifteen percent of sums received in her class-action settlement as child support, when the settlement is received. Appellant appeals only the decision ordering the payment of child support on proceeds to be received from settlement of her class-action claim.

Child-support cases are reviewed de novo on the record. *Cole v. Cole*, 89 Ark. App. 134, 201 S.W.3d 21 (2005). As a rule, when the amount of child support is at issue, the appellate court will not reverse the trial judge absent an abuse of discretion. *Id.* It is the ultimate task of the trial judge to determine the expendable income of a child-support payor. *Id.*

Appellant first argues that the trial court erred in ordering the payment of child support from the proceeds of the class-action settlement because the issue was not ripe. The argument is that, because the settlement proceeds have not yet been received, because it is not known when the settlement proceeds will be received, and because the amount of the proceeds is not known, the court acted prematurely in setting support based on that settlement. We agree.

This case is controlled by the supreme court's decision in *Kelly v. Kelly*, 341 Ark. 596, 19 S.W.3d 1 (2000), where the court held that the trial court erred because it could not set a sum-certain dollar amount of support based on the father's bonus where the receipt of that bonus was uncertain and contingent upon the profitability of the business. Here, although it appears likely that appellant will receive some money in settlement of the class-action lawsuit, the amount of money she will receive as a result of the settlement, and when she will receive it, are unknown, and the trial court cannot set a sum-certain dollar amount of support until the amount is known and the settlement proceeds are actually received by appellant. Further, all or part of the settlement funds may not be received before the minor child attains majority, at which point appellant's obligation may terminate.[2] Therefore, we reverse the trial court's order setting child support based on the class-action settlement proceeds and remand for further proceedings consistent with this opinion.

Although we reverse on appellant's first point, we proceed to address her second point because it is likely to arise again on remand. In her second point, appellant asserts that the trial court erred in holding that the proceeds from her class-action settlement, when received, would constitute "income" for purposes of determining child support. Appellant relies on the definition of "income" found in *In re Guidelines for Child Support Enforcement*, 301 Ark. App'x 627, 784 S.W.2d 589 (1990), for her argument that, because personal-injury settlements are not "income" under the Internal Revenue Code, her class-action settlement for a personal injury should not be "income" for child-support purposes. The 1990 guidelines, as they relate to a payor's periodic income, "refer[ ] to the definition of income in the federal income tax laws." 301 Ark. at 630, 784 S.W.2d at 591.

We disagree with appellant's argument for two reasons. First, the supreme court has abandoned that definition and, in 1997, adopted a new, broader definition of "income" no longer tied to the federal tax code definition. *In re Administrative Order No. 10: Ark. Child Support Guidelines*, 329 Ark. App'x 668 (1997). The current definition of "income" is:

---

[2] The minor child was sixteen at the time of trial.

Income means any form of payment, periodic or otherwise, due to an individual, regardless of source, including wages, salaries, commissions, bonuses, worker's compensation, disability, payments pursuant to a pension or retirement program, and interest less proper deductions for:

1. Federal and state income tax;

2. Withholding for Social Security (FICA), Medicare, and railroad retirement;

3. Medical insurance paid for dependent children; and

4. Presently paid support for other dependents by Court order.

*In re: Administrative Order No. 10: Ark. Child Support Guidelines*, 347 Ark. App'x 1064, 1067 (2002).[3] The definition of income is intentionally broad and designed to encompass the widest range of potential income sources for the support of minor children. *Montgomery v. Bolton*, 349 Ark. 460, 79 S.W.3d 354 (2002). Further, the types of income are not limited to only those listed in Section II of Administrative Order No. 10. *Id; see also Evans v. Tillery*, 361 Ark. 63, 204 S.W.3d 547 (2005) (holding that money judgments for malicious prosecution and assault were "income" for support purposes). Second, later cases interpreting the current definition have held that the definition of income for purposes of support may differ from income for tax purposes. *See Huey v. Huey*, 90 Ark. App. 98, 204 S.W.3d 92 (2005); *Delacey v. Delacey*, 85 Ark. App. 419, 155 S.W.3d 701 (2004); *Brown v. Brown*, 76 Ark. App. 494, 68 S.W.3d 316 (2002).

■ Here, the trial court used the correct definition of "income" when it determined that appellant's class-action settlement fell within the definition of "income" because it is a "payment" from "any source." Therefore, we cannot say that the trial court erred in finding that the class-action settlement proceeds, when paid, would constitute "income" for purposes of calculating child support.

Affirmed in part; reversed and remanded in part.

MARSHALL and HEFFLEY, JJ., agree.

---

[3] We note that the supreme court recently issued a revised Administrative Order No. 10, effective May 3, 2007. The definition of "income" in the new order remains the same.