Leon Thomas FUSHER *v.* Shelly Ann FUSHER

CA 08-117                                                287 S.W.3d 624

Court of Appeals of Arkansas
Opinion delivered September 17, 2008

*Robert S. Blatt,* for appellant.

*Kevin Hickey,* for appellee.

WENDELL L. GRIFFEN, Judge. Leon Thomas Fusher appeals from a judgment awarding his ex-wife, appellee Shelly Ann Fusher, child support of $52,500, based on a $247,858.17 lump-sum malpractice settlement that he received. He argues that the circuit court erred in excluding evidence that he received the settlement as payment for pain, suffering, and disability, and evidence that one-half of the settlement was paid to his current wife for loss of

consortium. Relatedly, he argues that the circuit court erred in counting the entire malpractice settlement as income for child-support purposes. We disagree and affirm the circuit court's order.

The parties in this case were divorced in 2001, and appellant was ordered to pay child support for their two minor children. Appellee subsequently filed a motion to modify appellant's child-support obligation, alleging that he had received a settlement in a lawsuit, which constituted a change in circumstances warranting a lump-sum payment of child support.

A hearing on appellee's motion was held, during which appellant testified that he received a net settlement of $247,858. Appellant's attorney conceded that the settlement was simply a lump-sum settlement that did not apportion damages for pain and suffering or future medical expenses "or anything else." The circuit court rejected as irrelevant appellant's numerous proffers of evidence to prove that the medical-malpractice settlement was not income but compensated him for pain, suffering, and disability; that his medical bills totaled approximately $644,000; that his current wife was required to sign the settlement release; that the settlement was paid jointly to him and his wife due to her loss of consortium; and that she received one-half of the proceeds.

The circuit court determined that the entire amount of the net settlement, $247,858, was income for child-support purposes. It awarded 21% of that amount, or $52,500, as a one-time child-support payment for the parties' two children. Appellant filed a motion for reconsideration only of the court's determination that the entire amount of the settlement was income for child-support purposes. He attached a copy of the settlement check showing that the check was made payable to him and his wife, and he requested that the court enter judgment for appellee in the amount of $26,250 (one-half of the judgment ordered). The circuit court summarily denied the motion, and this appeal from only the original judgment followed.[1]

The issues in this case are, whether the circuit court erred in excluding the proffered evidence regarding the nature of the settlement and in determining that the entire amount of the

---

[1] In his brief, appellant requested oral argument, but none was scheduled because he failed to file a contemporaneous request, separate from his brief, with the Arkansas Supreme Court Clerk's Office. *See* Ark. Sup. Ct. R. 5-1(a).

settlement was income for child-support purposes. As these issues are closely related, we address them together.

Child-support cases are reviewed *de novo* on the record. *See Cole v. Cole*, 89 Ark. App. 134, 201 S.W.3d 21 (2005). It is the ultimate task of the trial judge to determine the expendable income of a child-support payor. *Id.* When the amount of child support is at issue, we will not reverse the trial judge absent an abuse of discretion. *Id.*

Income for child-support purposes is defined by Administrative Order Number 10 as *"any form of payment*, periodic or otherwise, due to an individual, regardless of source, *including* wages, salaries, commissions, bonuses, workers' compensation, *disability*, payments pursuant to a pension or retirement program, and interest." (Emphasis added.) The definition of income under Order No. 10 is intentionally broad and is designed to encompass the widest range of sources consistent with this State's policy to broadly interpret income for the benefit of the child. *See Ford v. Ford*, 347 Ark. 485, 65 S.W.3d 432 (2002).

Sums paid due to money judgments are considered income for child-support purposes. *See Evans v. Tillery*, 361 Ark. 63, 204 S.W.3d 547 (2005) (awarding child support based on money judgments received in a malicious prosecution suit and assault suit); *Stuart v. Stuart*, 99 Ark. App. 358, 260 S.W.3d. 740 (2007) (holding that proceeds from a class-action medical-malpractice suit, when received, would constitute income for child-support purposes). Given these authorities, the circuit court here did not abuse its discretion in determining that the appellant's net malpractice settlement was income for child-support purposes.

To the extent that appellant argues the malpractice-settlement proceeds should not be considered income because the money was paid to compensate for his disability, that argument fails because disability is expressly listed as a source of income in Order No. 10. Moreover, appellant seemingly concedes that whatever portion of the settlement that was *not* apportioned for loss of consortium is income for child-support purposes. Because appellant did not ask the circuit court to reconsider its finding that his portion of the settlement was income for child-support purposes, the real issue is whether the circuit court erred in excluding the proffered evidence that one-half of the settlement was paid for loss of consortium.

We agree that if any part of the settlement was paid for loss of consortium, it would have been error for the circuit court to base the child-support award on the entire settlement. Appellant testified, without objection, that his wife was required to sign the settlement documents. He also proffered additional evidence to prove that his wife was required to provide extensive care for him during his recovery; that the check was issued to both of them; and that he deposited one-half of the proceeds into his wife's separate bank account.[2]

■ We hold that the circuit court did not err in excluding the proffered evidence. In the absence of a settlement apportioning payment for loss of consortium, the proffered evidence did not have any tendency to prove that any portion of the settlement was issued for that element of damages. *See* Ark. R. Evid. 401. The settlement documents are not part of the record before this court, so we defer to the circuit court's observations regarding the terms of the settlement. The circuit court observed, and appellant's attorney conceded, that the settlement "agreed to settle a case for with [sic] no attribution, no injury award that sets amount of pain and suffering or future medical *or anything else.*" (Emphasis added.)

The circuit court also observed, without objection, that the "settlement documents" did not set forth specific elements of damage for which the settlement was made. Accordingly, the terms of the settlement belie appellant's claim that any portion of the settlement was specifically based on his wife's loss of consortium.

Affirmed.

VAUGHT, J., agrees.

ROBBINS, J., concurs.

JOHN B. ROBBINS, Judge, concurring. I agree with Judge Griffen's opinion in which we affirm the trial court's decision in this case. I write separately to make clear that we are not holding, or at least I am not, that recovery on a spouse's loss of consortium claim is subject to her husband's, or his wife's, child support obliga-

---

[2] The settlement check was addressed to appellant, his wife, and his attorney's law firm, and was apparently deposited into the law firm's trust account. The trust account ultimately issued the settlement check in the amount of $247,858.15 to appellant and his wife, with no explanation of the purpose of the check cited in the "for" blank.

tion. Here, although appellant may have been consorting with his present wife when his claim of medical malpractice arose, the wife who could possibly have had a loss of consortium cause of action was the appellee. From what I can glean from appellant's abstract, the alleged medical malpractice occurred in connection with surgeries that appellant underwent in August 2000. Appellant and appellee were not divorced until September 2001. The record does not reflect when appellant and his present wife were married.

Furthermore, appellant does not contend that the trial court erred by not attributing some portion of the $247,858.15 net recovery to his present wife. Rather, he contends the trial court erred by not accepting appellant's determination that his present wife was entitled to precisely one-half of this amount, inasmuch as that is the amount that appellant gave her. Even if appellant's wife was entitled to some portion of the recovery, appellant has failed to convince that the trial court was clearly erroneous in not finding that she was entitled to $123,929.00.