STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JONAH SCOTT GUIDRY

VERSUS

JILL STELLY GUIDRY

**********
APPEAL FROM THE
TWENTY SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 07-C-3835-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Oswald A. Decuir, J. David Painter, and James T. Genovese, Judges.

REVERSED AND REMANDED.

Anne E. Watson
232 North Liberty Street
Opelousas, LA 70570
Counsel for Plaintiff-Appellant:
    Jonah Scott Guidry

Gregory B. Dean
P.O. Box 280
Opelousas, LA 70571
Counsel for Defendant-Appellee:
    Jill Stelly Guidry

**PAINTER, Judge.**

Plaintiff, Jonah Scott Guidry, appeals the judgment of the trial court setting child support for the minor children of his marriage to Defendant, Jill Stelly Guidry. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.

FACTS

Jonah and Jill were married on August 12, 2000. They had two children, Ava Elaine Guidry, born July 20 1999, and Jonah Asher Guidry, born May 13, 2004. Jonah filed a petition for divorce on July 30, 2007. Jill filed a reconventional demand seeking custody, child support, interim spousal support, and use and occupancy of the family home. A hearing was held over three days in September and November 2007 to determine child support, interim spousal support, and visitation rights. The trial court awarded joint custody, with Jill serving as primary domiciliary parent, set a schedule of supervised visitation for Jonah, ordered Jonah to submit to random drug screening no more than three times a month, and ordered Jonah to pay child support in the amount of one thousand seven hundred ninety-one dollars ($1,791.00) per month, insurance and child care expenses, and interim spousal support in the amount of one thousand five hundred dollars ($500.00) a month.

Jonah appeals asserting that the trial court erred in considering payments resulting from a personal injury settlement that he will receive at intervals of five years until May 2029 and in applying La.R.S. 9:315.11(A) to find that Jill's earning potential need not be considered in determining the child support award because she was caring for a child under the age of five.

DISCUSSION

*Jonah's Income*

Jonah asserts that the trial court should not have included future settlement payments in his income for calculation of his current child support obligation. The trial court averaged the payments to be received at five-year intervals until 2029 and found that Jonah would receive an average of $96,977.00 per year from this source.

Louisiana Revised Statutes 9:315 provides that for purposes of calculation of child support:

(5) "Income" means:

(a) Actual gross income of a party, if the party is employed to full capacity; or

(b) Potential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party.

(c) The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party's actual expenses.

While the third paragraph of La.R.S. 9:315 also defines gross income as including annuity payments, the payments received by Jonah differ from annuity payments in that from the year 2004 they are to be received in differing amounts at five-year intervals. Some payments will be received after one or both of his children have reached the age of majority. While we agree that the income received from this source should be included in his income calculation, it is the opinion of this court that

only those amounts *actually received* can be included and that the future payments should not be considered now in making the award of child support. They may be considered when received, along with other circumstances relative to child support at that time.

*Jill's Earning Potential*

Jonah further argues that the trial court erred in finding that Jill "is caring for a child of the parties under the age of five years" since their child, Asher, is in daycare Monday through Friday from We agree.

It is undisputed that Asher is enrolled in daycare from 9 o'clock a.m. until 5 o'clock p.m. Further, Jonah was ordered to pay the daycare expense.

La. R.S. 9:315.11 (A) provides that:

> If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. In determining the party's income earning potential, the court may consider the most recently published Louisiana Department of Labor Wage Survey.

Although the statute does not specify what is meant by caring for a child under the age of five years, it is our opinion that this language was meant to apply to those who were actually caring for the child during normal working hours. Further, implicit in the cases on point is an expectation that the party seeking this exclusion be voluntarily unemployed or underemployed for the purpose of caring *at home* for a child under five years of age. *See Peacock v. Peacock*, 39,950 (La.App. 2 Cir. 5/4/05), 903 So.2d 506; *Martello v. Martello*, 06-594 (La.App. 1 Cir. 2007), 960 So.2d 186 .

4

The record herein does not support the conclusion that Jill is voluntarily unemployed in order to care for Asher, because Asher's situation has in no way changed as a result of her unemployment. He continues to be enrolled in day care all day, five days a week, during her unemployment as he was while she was working. Since Asher is already enrolled in daycare, there is nothing to prevent Jill from seeking employment during those hours. Since she functions with regard to Asher just as she would if she were employed, her earning potential should be included in the child support calculation. Additionally, since Jonah is paying for daycare, the failure to include Jill's earning potential in the child support calculation results in increased payment of child support not contemplated by the statute. Further, although the trial court found that Jill was planning to return to school, no evidence was introduced to confirm this.

Accordingly, we reverse and remand this case to the trial court for a recalculation of the appropriate child support obligation.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed. The matter is remanded for recalculation of the child support obligation in keeping with this opinion. Costs of this appeal are assessed to the Defendant-Appellee, Jill Stelly Guidry.

**REVERSED AND REMANDED.**