BOLGER, Justice, dissenting.
 

 The superior court found that Shelley Fredrickson left her employment after receiving $300,000 in settlement payments from the government of Japan. But this court's decision requires the superior court to reconsider whether Fredrickson's compensation payment should be considered income for child
 support purposes. In my opinion, the evidence is sufficient to support the superior court's conclusion. When Forest Button's counsel asked, "Did you receive a
 
 settlement
 
 from Japan for your brother?" (Emphasis added.) Fredrickson responded, "Yes, I did." She then confirmed that the settlement was $300,000 and that she received it in 2012.
 

 Many cases from other states hold that settlement payments should be treated as income for child support purposes.
 
 [1]
 
 These cases are consistent with Civil Rule 90.3(a)(1), which defines child support income to include "the parent's total income from all sources." The commentary explains that "[t]his phrase should be interpreted broadly to include benefits which would have been available for support if the family had remained intact."
 
 [2]
 
 The settlement funds that Fredrickson received easily fit within this broad definition. The superior court found, "After receiving the disbursement, Ms. Fredrickson quit her job and lived solely on the $300,000."
 

 But even if these funds are characterized as a gift, they should be counted as part of Fredrickson's income. In
 
 Crayton v. Crayton
 
 , this court distinguished between the treatment of one-time gifts and inheritances in actions involving
 
 retrospective
 
 calculations of child support and the treatment of one-time gifts and inheritances in actions involving
 
 prospective
 
 calculations of child support.
 
 [3]
 
 More specifically, this court distinguished between (1) reimbursement-type child support calculations where a court is asked to retrospectively calculate a parent's child support obligation for periods in the past where no child support order existed and (2) prospective child support calculations where a court is asked to determine a parent's future obligations based on expected future income.
 
 [4]
 

 In
 
 Crayton
 
 , a father brought a motion for reimbursement of child support from the mother for a period during which no child support order existed.
 
 [5]
 
 At trial, the father argued that certain one-time monetary gifts the mother had received should be included in her income for the purpose of determining her child support obligation for that period.
 
 [6]
 
 The trial court rejected the father's request under
 
 Nass v. Seaton
 
 ,
 
 [7]
 
 but this court reversed, holding that
 

 [i]n cases such as
 
 Nass
 
 , where the court must establish a child support obligation for the future, the inclusion as income of a one-time gift or an inheritance would unfairly inflate that obligation beyond the obligor's reliable future resources. However, in this case, [the mother]'s future payments are not at issue and no question exists as to whether she will continue to receive the gifts. Because the superior court will determine [the mother]'s income only in retrospect ... it is fair for the
 court to base the amount of reimbursement on the actual resources available to [the mother] during that period.
 
 [
 

 8
 

 ]
 

 This precedent permitted the trial court in this case to count the funds from Japan as income, since the funds were used in calculating a retrospective, rather than a prospective award. I see no reason to overturn that precedent in this case.
 

 In my opinion, the trial court did not err when it included Fredrickson's settlement funds as income in its calculation of her child support obligation during a period when no child support order existed. The funds were actual resources available to Fredrickson, "which would have been available for support if the family had remained intact."
 
 [9]
 

 Stuart v. Stuart
 
 ,
 
 99 Ark. App. 358
 
 ,
 
 260 S.W.3d 740
 
 (2007) (holding that class-action settlement fell within the definition of "income" for child support purposes);
 
 Slaughter v. Slaughter
 
 ,
 
 867 A.2d 976
 
 (D.C. 2005) (defamation settlement);
 
 Mayfield v. Mayfield
 
 ,
 
 371 Ill.Dec. 11
 
 ,
 
 989 N.E.2d 601
 
 (2013) (workers' compensation settlement);
 
 Carmer v. Carmer
 
 ,
 
 45 N.E.3d 512
 
 (Ind. App. 2015) (structured settlement payments from personal injury settlement);
 
 Chapman v. Evans
 
 , No. 01-2060,
 
 2002 WL 31528541
 
 (Iowa App. 2002) (lump sum wrongful termination settlement);
 
 Guidry v. Guidry
 
 ,
 
 6 So.3d 845
 
 (La. App. 2009) (payments from personal injury settlement);
 
 Good v. Armstrong
 
 ,
 
 218 Mich.App. 1
 
 ,
 
 554 N.W.2d 14
 
 (1996) (personal injury settlement);
 
 Sherburne Cty. Soc. Servs. ex rel. Schafer v. Riedle,
 

 481 N.W.2d 111
 
 (Minn. App. 1992) (structured settlement payments);
 
 Taranto v. State Dep't of Soc. Servs.
 
 ,
 
 962 S.W.2d 897
 
 (Mo. App. 1998) (personal injury settlement payments);
 
 In re State ex rel. Taylor
 
 ,
 
 153 N.H. 700
 
 ,
 
 904 A.2d 619
 
 (2006) (personal injury settlements);
 
 Cleveland v. Cleveland
 
 ,
 
 249 N.J.Super. 96
 
 ,
 
 592 A.2d 20
 
 (1991) (personal injury settlement lump sum);
 
 Mirkin v. Mirkin
 
 ,
 
 43 A.D.3d 1115
 
 ,
 
 842 N.Y.S.2d 548
 
 (2007) (lawsuit settlement);
 
 Spicer v. Spicer
 
 ,
 
 168 N.C.App. 283
 
 ,
 
 607 S.E.2d 678
 
 (2005) ("income" in child support guidelines included awards intended to compensate for non-economic loss);
 
 Dupay v. Dupay
 
 ,
 
 782 N.W.2d 42
 
 (N.D. 2010) (personal injury settlement);
 
 Herrera v. Herrera
 
 ,
 
 298 P.3d 1209
 
 (Okla. Civ. App. 2013) (sexual abuse settlement payments);
 
 Arneson v. Arneson
 
 ,
 
 670 N.W.2d 904
 
 (S.D. 2003) (medical malpractice settlement proceeds);
 
 Lyman v. Lyman
 
 ,
 
 331 Wis.2d 650
 
 ,
 
 795 N.W.2d 475
 
 (2011) (wrongful termination settlement).
 

 Alaska R. Civ. P. 90.3 cmt. III.A.
 

 944 P.2d 487
 
 , 490 (Alaska 1997).
 

 Id
 
 .
 

 Id
 
 . at 488.
 

 Id
 
 . at 489.
 

 904 P.2d 412
 
 (Alaska 1995).
 

 Crayton
 
 ,
 
 944 P.2d at 490
 
 (citations omitted).
 

 Alaska R. Civ. P. 90.3 cmt. III.A.