Cite as 2024 Ark. App. 230

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-23-192

| | | |
|---|---|---|
| | | **Opinion Delivered** April 3, 2024 |
| ERICA MOORE | | |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63DR-21-447] |
| V. | | |
| | | HONORABLE JOSH FARMER, JUDGE |
| DAVID MOORE, JR. | | |
| | APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

In this one-brief appeal, appellant Erica Moore appeals from an order denying her motion to modify child support. Erica's sole point on appeal is that the trial court erred in calculating child support. We affirm.

I. *Facts and Procedural History*

Appellant Erica Moore and appellee David Moore, Jr., were divorced on November 17, 2021. In the divorce decree, the parties were awarded joint custody of their three children. At the time of the divorce, two of the parties' children were in their early teens and the other child was one year old. The divorce decree provided:

> [David] has testified that he does not intend to force the older children to visit him, and the Court finds that the parties are therefore entitled to joint custody with the parties alternating the children week to week. However, the youngest child will not spend the night with [David] until such time as he turns three years old.

In the divorce decree, the trial court set child support based on the child-support worksheet and the parties' affidavits of financial means in accordance with the Income Shares Model set forth in Arkansas Supreme Court Administrative Order No. 10. Applying the calculations on the worksheet to the family support chart for three children, the trial court determined on the worksheet that David's presumed monthly child-support obligation was $901.28 and that Erica's presumed monthly child-support obligation was $785.72.[1] Because the parties shared joint custody, the trial court deducted the smaller obligation from the larger obligation, creating an offset whereby David was ordered to pay Erica $115.96 in monthly child support.[2]

On September 20, 2022, Erica filed a motion to modify child support. In her motion, Erica alleged that David had not exercised his visitation with the two older children, that she fully supports these children, and that David does nothing for them. Erica asserted that even though the trial court granted joint custody, David had not abided by the order, and he therefore should not have the benefit of an offset for his support. Erica requested that the trial court modify the previous order and grant the "full amount of child support to the two [older] children and [Erica]." Erica, however, did not make any request to modify the previously ordered joint custody.

---

[1]The trial court's calculations on the worksheet did not take child-care expenses into consideration, and the decree provided that "each party will pay daycare if they use such facility."

[2]The difference between the parties' presumed child-support obligations was actually $115.56, but this was an apparent minor clerical error and is not at issue in this appeal.

David filed an answer to Erica's motion to modify child support on September 30, 2022. In his answer, David generally denied Erica's allegations and asked that her motion be denied.

On December 19, 2022, the trial court held a hearing on Erica's motion to modify child support. Both Erica and David testified at the hearing.

Erica testified that she takes the youngest child to daycare during the week and that David picks the child up from daycare and has the child for two hours during the evenings.[3] David also keeps the youngest child during the daytime on weekends.

Erica stated that, although David regularly visits the youngest child, he has not visited the two older children at all since the parties' divorce. She stated that she wanted child support to be reset because she has the two older children full time. Erica acknowledged on cross-examination that, since the divorce, David has not forced the two older children to visit him, which was contemplated in the divorce decree.

David testified that before the divorce hearing, Erica asked him if he was going to force the older children to stay overnight with him, and he said no. David stated that, since the divorce, he has not tried to force the older children to visit him, and he further stated that "they didn't want to come." David acknowledged that since the parties' divorce, he has not had any visits with the two older children.

---

[3]Erica submitted an affidavit of financial means showing that she pays $736 a month for daycare.

At the conclusion of the hearing, Erica stated that David had not seen the two older children in a year and asked the trial court to "reset the child support accordingly." David argued that the parties had been exercising custody consistent with what was ordered in the divorce decree and that there had been no material change in circumstances to modify child support. Erica did not respond to David's assertion that there had been no material change in circumstances. David did agree to pay for half the daycare expenses. At the conclusion of the hearing, the trial court announced from the bench that it was going to leave the child support as it is but order David to pay half the daycare expenses.

On December 27, 2022, the trial court entered an order making these findings:

[Erica's] motion is granted in part. Although the testimony was uncontroverted that [David] does not visit or keep the two oldest children, his child support will not be reduced.[4] He will remain on the child support chart with an offset of child support as previously ordered by this Court. However, [David] will pay one-half of the daycare cost of the [youngest] child.

Erica now appeals, arguing that the trial court erred in calculating child support.

## II. *Standard of Review*

Our standard of review for an appeal from a child-support order is de novo on the record, and we will not reverse a finding of fact by the trial court unless it is clearly erroneous. *David v. David*, 2022 Ark. App. 177, 643 S.W.3d 863. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *McKinney v. McKinney*,

---

[4]It appears that the trial court said "reduced," but it meant "increased."

94 Ark. App. 100, 226 S.W.3d 37 (2006). In reviewing a trial court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be given their testimony. *David*, *supra*.

III. *Discussion*

On appeal from the trial court's order denying her motion to modify child support, Erica argues that the trial court erred in calculating the support. Erica cites Ark. Code Ann. § 9-12-312(a)(1) (Repl. 2020), which provides that when a divorce decree is entered, the trial court shall make an order concerning the care of the children as is reasonable from the circumstances of the parties and the nature of the case. Erica also cites Supreme Court Administrative Order No. 10, which provides the guidelines for applying the Income Shares Model in arriving at child support. Administrative Order No. 10(II) provides that there is a rebuttable presumption that the amount of child support calculated pursuant to the family support chart is the amount to be awarded in any judicial proceeding for divorce or child support. Erica asserts, however, that in instances of shared or joint custody, the following considerations apply pursuant to section (IV)(2):

> In cases where the parties share less than an approximately equal amount of time, but each parent has responsibility of the child(ren) for at least 141 overnights per calendar year, the parties shall complete the Worksheet and Affidavit of Financial Means. The court may then consider the time spent by the child(ren) with the payor parent as a basis for adjusting the child-support amount from the amount determined on the Worksheet.

Erica argues that, in setting the child-support amount, the trial court should have considered that Erica was supporting the two older children by herself, and there was no contribution

5

by David since it was his choice not to see the children. Erica asks that we reverse and remand to the trial court to determine the proper amount of child support to be paid. For the following reasons, we affirm the trial court's order.

A party seeking modification of a child-support order has the burden of showing a material change in circumstances. *Weir v. Phillips*, 75 Ark. App. 208, 55 S.W.3d 804 (2001). Our supreme court has stated that *it is axiomatic* that a change in circumstances must be shown before a court can modify an order for child support. *Evans v. Tillery*, 361 Ark. 63, 204 S.W.3d 547 (2005). In determining whether there has been a change in circumstances warranting an adjustment in support, the court should consider remarriage of the parties, a minor reaching majority, change in the income and financial conditions of the parties, relocation, change in custody, debts of the parties, ability to meet current and future obligations, and the child-support chart. *Id.*

Erica's motion to modify child support did not allege that there had been a material change in circumstances. Nor did Erica make any such allegation of a material change in any other proceedings below, including at the hearing on her motion. Moreover, in her brief on appeal Erica does not argue that there was a material change in circumstances. Instead, Erica's argument appears to be directed more toward the considerations for making an initial child-support award, and Erica did not appeal from the divorce decree after the initial

6

support was set.  Thus, we conclude that Erica has neither alleged nor argued the threshold requirement, i.e., a material change in circumstances, for modifying child support.

The supreme court has repeatedly held that we will not make an argument for a party or raise an issue sua sponte unless it involves the trial court's jurisdiction.  *Jones v. Flowers*, 373 Ark. 213, 283 S.W.3d 551 (2008).  Erica has not argued that there has been a material change in circumstances to support a modification of child support, and as it is not our duty to make her argument for her, we must affirm.  *See Childs v. State*, 95 Ark. App. 343, 237 S.W.3d 116 (2006).

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Meredith Wineland*, for appellant.

One brief only.